**SO ORDERED.**

**SIGNED this 02nd day of October, 2009.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

## United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| In re | Bankruptcy Case No. |
| Lillian R. Cashmer | 09-50064-C |
| *Debtor* | Chapter 13 |

**Order Denying Motion to Reconsider Order Granting Objection to Claims**

Movant seeks reconsideration of this court's order [Doc. # 23] sustaining the debtor's objection to its claim. Movant relies on Rule 60(b), section 502(j) of title 11, and the Eleventh Circuit's decision in *In re Bateman*.

Movant has failed to take note of this court's previous decision in *In re Gonzalez*, 372 B.R. 837 (Bankr. W.D.Tex. 2007), which is precisely on point. There, the court ruled that the creditor had failed to present grounds for reconsideration of the claim in question, relying on the Fifth Circuit's decision in *Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987). *See Gonzalez*, at 840. The same is true here. The creditor has offered no reasons for its failure to timely respond to the objection in the first place. The movant here refers to an effort to contact debtor's counsel *after* the order was entered sustaining the objection but offers no explanation for why the movant failed to respond to the objection to claim in the first place. The objection was filed April 1, 2009, and served on the creditor. The objection contained 20 day negative notice. The order sustaining the claim was entered on May 4, 2009, there having been no response to the motion. The court finds that the creditor here, as was the case with the creditor in *Gonzalez*, failed to set out grounds for reconsideration. Its request for relief, on that ground, is thus denied.

The creditor here also makes the veiled threat that it will recover the otherwise disallowed portion of the claim anyway, once bankruptcy is over, relying on *In re Bateman*, 331 F.3d 821 (11th Cir. 2003). That threat was also made in *In re Gonzalez*. This court there ruled that *Bateman* was inapplicable when the creditor's claim has been properly and directly

challenged by way of a duly filed claims objection, rather than obliquely by way of a plan term. *See Gonzalez*, at 842-43. In addition, the court noted that, contrary to the claimant's contention in that case, a claims adjudication is a final and dispositive ruling on the merits of the claim, binding on the creditor for all purposes. The court there cited to the Fifth Circuit's decision in *Matter of Baudoin*, 981 F.2d 736, 740 5th Cir. 1993), which laid out the elements for when an order of the bankruptcy court is a bar to later litigation regarding the matter, and to *EDP Medical Systems, Inc. v. United States*, 480 F.3d 621, 625 (2nd Cir. 2007), which held that orders allowing or disallowing contested claims are final judgments on the merits for *res judicata* purposes. *See Gonzalez*, at 843; *see also Baudoin*, *supra*.

The same analysis applies here. The ruling on the claims objection is a final ruling on the amount of money owed to the creditor with regard to the escrow claim. When the amount of the claim has been decided, the claim is not "resurrected" by the fiat of recovering the claim via an *in rem* remedy such as foreclosure. Even an *in rem* claim can be no greater than the amount of money that the debtor owes the creditor. This court having ruled on that issue, the creditor who tries to recover the amount disallowed by way of an *in rem* action will be receiving more than it is justly owed, leaving it vulnerable to be sued. *See Gonzalez*, at 845-46. There is no merit to the creditor's argument that reconsideration is necessary in order to prevent the creditor from pursuing "self help" after the bankruptcy is over. The creditor is barred from such "self help" by operation of law.

The court expresses some concern that this pleading was filed in the face of a clear precedent, applicable on all fours to the facts of this case, without even so much as a passing reference to the existence of that authority. All attorneys have a duty of candor to the tribunal. This pleading falls short of that standard.

For the reasons stated, the motion for reconsideration is denied.

# # #